UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHRIST,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD TRUMP,<br><br>        Defendant. | Case No. 22-cv-02402-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 5 |

On April 20, 2022, Chief Magistrate Judge Joseph C. Spero issued a Report and Recommendation, recommending that the complaint filed by plaintiff Jesus Christ, also known as Michelle Yvonne Wood, against defendant Donald Trump be dismissed without leave to amend. R. & R. [Dkt. No. 5] 1:13–17. Plaintiff filed an objection on April 27, 2022. *See* Dkt. No. 8.

Having reviewed the record in this case, I agree with Judge Spero's Report and Recommendation and adopt it in full. Plaintiff's complaint is barred by res judicata, as it is based on the same alleged conduct as in plaintiff's previous case against defendant, which Judge Chhabria dismissed with prejudice. *See* Dkt. No. 1; *see also Christ v. Trump*, No. 21-CV-07140-TSH, 2021 WL 7448553, at *1 (Sept. 17, 2021), *adopted by Christ v. Trump*, No. 21-CV-07140-VC, 2021 WL 7448549, at *1 (N.D. Cal. Oct. 4, 2021). Her claims against defendant are also barred by presidential immunity. And claims against Judges Chhabria and Hixson are barred by judicial immunity.

Plaintiff contests the Report and Recommendation on the grounds that: (1) dismissal is unconstitutional because it "allows judges to deliver not guilty verdicts . . . without the consent of a jury"; (2) plaintiff was denied her First Amendment right to speak in court; (3) presidential immunity is "unconstitutional" and does not bar claims against defendant; and (4) a jury—not a

1  judge—must determine the validity of claims. *See* Obj. to R. & R. [Dkt. No. 8] at 2–3. The first
2  two objections overlap with arguments raised in the previous complaint. The other objections are
3  equally deficient.

4      First, plaintiff argues that her claims against defendant are not barred by presidential
5  immunity. *See id.* at 3. I again agree with Judge Spero. *See* R. & R. at 5:6–7. Defendant has
6  "absolute presidential immunity from damages liability for acts within the 'outer perimeter' of his
7  official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982). Because plaintiff's claims
8  appear to be based on defendant's actions as president, they are barred by this immunity.

9      Second, plaintiff argues that it is improper for a judge to determine the validity of claims.
10 *See* Obj. to R. & R. at 2. It is the court's responsibility to evaluate the sufficiency of a complaint
11 and determine whether a plaintiff's claim may proceed. *See* Fed. R. Civ. P. 8; *see also Ashcroft v.*
12 *Iqbal*, 556 U.S. 662, 679 (2009). Judge Spero acted well within his authority in reviewing
13 plaintiff's claims and recommending that they be dismissed.

14     This action is DISMISSED with prejudice.

15     **IT IS SO ORDERED.**

16 Dated: May 6, 2022

William H. Orrick
United States District Judge